**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JULIUS HOLMES**                                                    **CIVIL ACTION**

**VERSUS**                                                                **CASE NO. 22-2207**

**SAFEGUARD STORAGE PROPERTIES LLC et al.**      **SECTION: "G"(1)**

## ORDER

Before the Court is Defendants Safeguard Self Storage and Indemnity Insurance Company of North America (collectively, "Defendants") unopposed "Motion to Continue Deadlines and Trial Date."[1] On June 23, 2023, the Court issued an Order granting Defendants' first "Motion to Extend Discovery and Defendants' Expert Deadlines" because Plaintiff did not provide any executed medical authorizations and did not identify any pre-incident medical providers that would allow Defendants to obtain and examine Plaintiff's medical records.[2] The Court then issued a Scheduling Order setting the discovery deadline for October 25, 2023 and the trial date on January 8, 2024.[3]

Defendants now contend that a continuance of the January 8, 2024 trial date and all pre-trial deadlines in the above captioned-matter is necessary because Plaintiff's counsel has been on maternity leave from July 14, 2023 to September 18, 2023, and has not been available to schedule or attend any depositions.[4] Defendants also note that no other attorney with Plaintiff's counsel's

---

[1] Rec. Doc. 33.

[2] Rec. Doc. 27

[3] Rec. Doc. 30.

[4] Rec. Doc. 33 at 1– 2.

1

firm has responded with availability in Plaintiff's counsel's absence.[5]  Defendants further note that they contacted Plaintiff's counsel on September 18, 2023 about scheduling depositions and continuing discovery deadlines, but Plaintiff's counsel did not respond.[6]  Plaintiff does not oppose Defendants' motion.[7]

Defendants contend that without an extension of pretrial deadlines and the trial date, they will be prejudiced by being unable to complete the deposition of Plaintiff's expert, Kasey Crawford, whose testimony is "critical to ongoing medical and expert discovery, along with *Daubert* motion practice."[8]  They note that "Crawford provided a life care plan for Plaintiff that contemplates significant medical expenses ranging from $489,003.51 to $1,230,510.17" and the life care plan "further contemplates that Plaintiff will require medical procedures for *life*."[9]  Defendants argue their completion of Crawford's disposition is critical to the final expert report of Defendants' expert physician, Dr. Everett Robert, and the evaluation of Plaintiff's alleged damages ahead of the settlement conference on November 2, 2023.[10]  Defendants note that they have diligently attempted to schedule Crawford for a deposition, but Crawford has had scheduling conflicts and Plaintiff's counsel did not provide any availability.[11]  Defendants request an

---

[5] *Id.* at 2.

[6] *Id.*

[7] Defendants' instant Motion to Continue Deadlines and Trial Date is set for submission on October 18, 2023, and Plaintiff's response to the motion was due on October 10, 2023. However, Plaintiff did not file a response to the motion by October 10, 2023.

[8] Rec. Doc. 33 at 5.

[9] *Id.*

[10] *Id.*

[11] *Id.* at 3–4.

extension of 90 days on all pretrial deadlines and the trial date to complete discovery.[12]

Federal district courts have the inherent power to enforce their scheduling orders,[13] and Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[14] Whether to grant or deny a continuance is within the sound discretion of the trial court.[15] In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's."[16]

Here, the Court finds that Defendants have established good cause for a continuance of the January 8, 2024, trial date and all pre-trial deadlines in this matter. Defendants represent that they have diligently attempted to complete the deposition of Plaintiff's expert witness, Kasey Crawford, but were not able to do so because of scheduling conflicts outside of Defendants' control. Thus, Defendants contend that they would be prejudiced without completion of the Crawford deposition because Crawford's deposition is critical to *Daubert* motions they may file, the completion of their own expert's report, and an evaluation of Plaintiff's alleged damages ahead of the settlement conference on November 2, 2023.

Absent extraordinary circumstances, no further continuance will be granted. Plaintiff must be diligent in moving this case forward. On or before October 20, 2023, Plaintiff's counsel must

---

[12] *Id.* at 6.

[13] *See Flaska v. Little River Marine Const. Co.*, 389 F.2d 885, 886 & n.3 (5th Cir. 1968) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)).

[14] Fed. R. Civ. P. 16(b)(4).

[15] *United States v. Alix*, 86 F.3d 429, 434 (5th Cir.1996).

[16] *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (internal citations omitted).

provide Defendants with dates for the expert deposition. The parties must contact the Court's case manager within 14 days of this Order to conduct a scheduling conference and set a new pretrial conference date, trial date, and new pretrial deadlines in accordance with the requested timeframe.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' unopposed "Motion to Continue Deadlines and Trial Date"[17] is **GRANTED.**

**IT IS FURTHER ORDERED** that on or before October 20, 2023, Plaintiff's counsel must provide Defendants with dates for the expert deposition.

**IT IS FURTHER ORDERED** that the parties must contact the Court's case manager within 14 days of this Order to conduct a scheduling conference and set a new pretrial conference date, trial date, and new pretrial deadlines.

**NEW ORLEANS, LOUISIANA**, this __16th__ day of October, 2023.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[17] Rec. Doc. 33.

4